## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**BRENDA PAIXAO,**

     Plaintiff,

**Civil Action No.**   4:23cv47-NBB-JMV

**(JURY TRIAL DEMANDED)**

v.

**CITY OF GREENWOOD**; **COUNTY OF LEFLORE**;
**GREENWOOD POLICE DEPARTMENT;**
a municipal law enforcement agency organized
and operated in the Northern District of Mississippi;
**OFFICER DAVID LAYTON,** In His Individual
and Official Capacity;
**OFFICER JODY BRADLEY,** In His Individual
and Official Capacity;
**LEFLORE COUNTY ASSISTANT DISTRICT
ATTORNEY TIMOTHY JONES**;
In His Individual and Official Capacity;
**FLOYD MELTON, JR.,** In His Individual and
Official Capacity;
**THE ESTATE OF BRENDA B. FLOWERS,** In Her
Individual and Official Capacity;
**CLAIRE FLOWERS WILLIAMS,** In Her Individual
and Official Capacity;
**SANDRA KAY HAYES,** In Her Individual and
Official Capacity;
**TRUSTMARK BANK,** A Financial Institute in the Northern
District of Mississippi;
and **JON BARNWELL,** In His Individual and
Official Capacity.


Defendants.

_____ /

## COMPLAINT

Plaintiff, BRENDA PAIXAO. proceeding pro se, brings this cause of action for money damages brought pursuant to 42 U.S.C. Section 1983 and the Fifth and Fourteenth Amendment to the United States Constitution, Plaintiff's complaint arises out of the defendant's commission of federal constitutional violations committed against the plaintiff from and in Leflore County, Mississippi, beginning on or about March 1, 2020 and continuing through about March 18, 2020, within the Northern District of Mississippi and Plaintiff alleges as follows:

### I. INTRODUCTION

2.   This is a Civil Rights Action seeking justice for defaming and refusing the Plaintiff's due process under the Fifth Amendment to the US Constitution,

3.   Plaintiff alleges Defendants Layton, Bradley and Jones wrongfully violated her fifth amendment right to due process without legal or factual bias there by the Defendants violated Plaintiff's Fifth Amendment Right and Fourteenth Amendment Right to the U.S. Constitution,

4.   The Defendants violated Mississippi constitutional and state and federal statutory rights by violating the Plaintiff's Fifth Amendment Right to due process,

5.   Plaintiff seeks compensation for emotional harm, pain and suffering, and actual financial losses. supervision and oversight of its department, police officers, and the faulty police department policies and or relied upon at the time of Plaintiff's Fifth Amendment to the US Constitution was violated,

6.   Plaintiff brings this federal civil rights action under 42 U.S.C. § 1983 to redress the violation of her constitutional rights and to hold the defendants accountable for their defamatory

comment about the the defendant and for racketeering with Attorney Floyd Melton 3rd. and thereby putting the Plaintiff's life in danger and causing the Plaintiff money loss, grief and anguish,

## II.  JURISDICTION AND VENUE

7.  This action arises under the Fifth and Fourteenth Amendment to the United States Constitution and under federal law, including 28 U.S.C § 2201, 42 U.S.C. §§ 1983 and 1988.

8.  This Court has original jurisdiction over these claims pursuant to 28 U.S.C. §§ 1983 and 1988.

9.Venue is proper in the Northern District of Mississippi because the subject matter complained of occurred within this district consistent with 28 U.S.C. § 1983 and 1988.

## III.  PARTIES

9.  Plaintiff, BRENDA PAIXAO, a citizen of the United States and a resident of the State of Mississippi. She resides in Grenada County.

10.  Defendant CITY OF GREENWOOD, was at all times relevant to this Complaint, a Mississippi municipality in Leflore County. The City of Greenwood employs the Greenwood Police Department and had a policy and custom to violate Plaintiff's rights as alleged.

11.  Defendant DAVID LAYTON, is and/or was at all material times a Law Enforcement Officer employed by the Greenwood Police Department and the City of Greenwood. At all times relevant here he acted in concert with the other Defendants and under color of state law. He is sued both individually and in his professional capacity.

12.  Defendant JODY BRADLEY, is and/or was at all material times a Law Enforcement Officer employed by the Greenwood Police Department and the City of Greenwood. At all times relevant here he acted in concert with the other Defendants and under

3

color of state law. He is sued both individually and in his professional capacity,

13. Defendant TIMOTHY JONES, is and/or was at all material times an Assistant District Attorney employed by the Office of the District Attorney in the Fourth District of MISSISSIPPI. He is sued both individually and in his professional capacity. Timothy Jones is not immune from suit because he stepped outside his jurisdiction when he committed the violations.

14. Defendant FLOYD MELTON, JR., is and/or was at all material times was an attorney employed by Melton Law Firm in Greenwood, Mississippi . At all times relevant here he acted both on his own and in concert with the other defendants. He is sued both individually and in his professional capacity.

15. Defendant THE ESTATE OF BRENDA B. FLOWERS, is and/or was at all material times Guardian of Litem of the Plaintiff's trust fund at Melton Law firm in Greenwood, Mississippi, At all times relevant here she acted both on her own and in concert with the other defendants, Her estate is sued both individually and in her professional capacity.

16. Defendant CLAIRE FLOWERS WILLIAMS, is and/or was at all material times a resident of Brandon, Mississippi, At all times relevant here she acted both on her own and in concert with the other defendants involved with the Plaintiff's Breach of Fiduciary Duty of her Trust Fund. She is sued both individually and in her professional capacity,

17. Defendant SANDRA KAY HAYES, is and/or was at all material times was a residence in Knightdale, NC, At all times relevant here she acted both on her own and in concert with the other defendants involved with the Plaintiff's Breach of Fiduciary Duty of her Trust Fund. She is sued both individually and in her professional capacity,

18. Defendant TRUSTMARK BANK, is and/or was at all material times a financial institute in Greenwood, Mississippi. At all times relevant here it acted both on his own and in concert with the other defendants involved with the Breach of Fiduciary of the Plaintiff's Trust

Fund.

19.   Defendant JON M. BARNWELL, is and/or was at all material times a Chancery Court Chancellor for the 7th. Chancery District of Mississippi and was employed in the Fourth District of MISSISSIPPI. He is sued both individually and in his professional capacity. JMB is not immune from suit because he stepped outside his jurisdiction when he committed the violations.

## IV. FACTS

**A. Facts Applicable to All Defendants**

20.   Plaintiff had a trust fund on file with the Leflore County Courthouse registered under the cause number 22,021. Plaintiff's trust fund filed under cause number 22,021 was handled by  Melton Law firm and with her Trustee Floyd Melton, Jr., hereinafter ("FMJ") from December 11, 1980 to in or about the first week of March 2007. After Plaintiff's trust was closed in or about the first week of March her Trustee withheld assets Plaintiff had in her trust fund from the Plaintiff. Plaintiffs assets were withheld without her knowledge because her Trustee FMJ withheld information in the final accounting of Plaintiff's trust fund by never claiming to the Plaintiff she owned World War Two series E-Bonds in her Trust Fund,

21.   Plaintiff alleges she knew she had under 5 million dollars in World War two series E-Bonds in her trust because she and her mother Brenda B. Flowers, hereinafter ("BBF") who had Guardian of Litem of her trust fund, told her so verbally in person on a couple of occasions when her mother spoke to the Plaintiff about how she should invest the money,

22.   Plaintiff alleges her mother BBF advised her in and about the year 2000 and in and about the year 2001 to deposit the money from the sale of her World War Two Series E-Bonds, left to the Plaintiff in her trust fund by her maternal grandfather Thomas Chester Boring, Sr and her maternal grandmother Nancy Barber Boring, into the bank and live off the interest,

23.     Plaintiff alleges her mother BBF told her verbally in 2001 she was in debt to the IRS about 250 thousand dollars and afterwards the Plaintiff alleges her mother BBF started embezzling from the Plaintiff's Trust Fund in and about 2001 with the help of Judge Jon M. Barnwell, hereinafter ("JMB"), FMJ, Sandra Kay Hayes, hereinafter ("SKH"), Claire Flowers Williams, hereinafter ("CFW"), and Trustmark Bank located at located at 938 US-82, Greenwood, Mississippi 38930,

24.     Plaintiff alleges she has a Breach of Fiduciary Duty with the Trustee of her trust fund FMJ., her mother BBF, her sister CFW, SKH and Trustmark Bank, located at 938 US-82, Greenwood, Mississippi 38930 starting in and about 2001. The Plaintiff alleges the embezzlement of her trust continued after her mother passed on August 26, 2006 and continued into 2020 with the bank account number 7705799663 at Trustmark bank located at 938 US-82, Greenwood, Mississippi 38930,

25.     Plaintiff alleges a Derry Wynn Johnson, hereinafter ("DWJ"), a former employee of Melton Law Firm, contacted her through Facebook Messenger in 2016 and asked to speak to the Plaintiff about Attorneys at Melton Law Firm. Plaintiff alleges she spoke to DWJ over a cell phone call and he claimed to the Plaintiff on the cell phone call that he worked for Melton Law firm up until 2008 and that the Attorneys at Melton Law firm were going to kill her if she started a court case against the Attorneys at the Melton Law Firm in regards to the Plaintiff's Breach of Fiduciary Duty she has with her trust fund,

26.     Plaintiff alleges DWJ told her when he was threatening her life over the cell phone call that if she started her court case for the breach of fiduciary she has with her trust fund and she won her case in court it did not matter because the money Plaintiff has embezzled from her trust was all spent up. DWJ claimed to Plaintiff she wouldn't get any restitution because the money she had in her trust was all spent up,

27.     Plaintiff made a Police Report number 281903008610 with the Hallandale Beach Florida Police department after she received the death threat from DWJ. Plaintiff was at the time of the Death threat in the City of Hallandale Beach Florida where she filed the death threat police report,

28.     Plaintiff alleges DWJ registered his Lincoln Town car, Vehicle Identification Number 1LNCM81W2MY637607 to her grandfather Thomas Chester Boring, Sr. address at 300 West Claiborne Avenue, Greenwood Mississippi 38930 in and about 2007 after her trust fund was closed and that the World Two Series E-Bonds in her Trust were also registered to her grandfather's home. Plaintiff alleges DWJ could somehow be involved with the embezzlement of her trust because of the death threat she received from him and the fact he registered his Lincoln Town car in 2007 to her grandfather's residence at 300 west Claiborne Ave. in Greenwood, Mississippi,

29.     Plaintiff alleges she received a Trustmark Bank signature statement from her sister in 2019 that revealed Plaintiff's mother BBF and her sister CFW were involved with identity theft and embezzlement of the Plaintiff's assets from her trust fund with the Plaintiff's Trustee of her trust fund FMJ and Trustmark Bank located at 938-US-82, Greenwood, Mississippi 38930,



30. Plaintiff did a search December 18, 2019 with customer number 0001731967S with the Department of Treasury under her mother BBF name and under the social security number 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 listed as Plaintiff's mother's social security number on the Trustmark Bank signature statement with account number 770579963,



31. Plaintiff alleges her search with the Department of Treasury on December 18, 2019 revealed that her mother redeemed the Plaintiff's World War Two Series E-Bonds held in her

trust fund under SKH social Security number at Trustmark bank in Greenwood, Mississippi with account number 7705799663,

32. Plaintiff alleges after she did a search with the Department of Treasury on December 18, 2019 she then realized attorneys at Melton Law Firm, who oversee her mother's estate, use her mother's name with Identity Theft with Trustmark bank account number 770579963 and are involved in the embezzlement of her World War Two series E-Bonds from her trust fund with her mother BBF and SKH,

33. Plaintiff alleges she has a Breach of Fiduciary Duty with the Trustee of her Trust Fund Attorney FMJ., her mother BBF, her sister CFW, SKH, JMB and Trustmark Bank,

34. Plaintiff alleges after she did a search with the Department of Treasury she called Trustmark Bank located at 938-US-82, Greenwood, Mississippi 38930 in or about January 20, 2020. At this time the Plaintiff spoke to the Trustmark bank agent about the Trustmark bank signature statement with bank account number 7705799663,

35. Plaintiff alleges during her phone call with the Trustmark Bank agent she was told by the agent the bank account number 7705799663 and the social security number on Plaintiff's Bank signature Statement belonged not to the Plaintiff's mother, but to a woman with the last name Hayes,

36. Plaintiff alleges she later received an email from Jackson Mississippi Attorney General's Office Leslie Owens, hereinafter ("LO") in and about January 28, 2020 in regards to her case the Plaintiff opened with the Attorney General Office investigating the Breach of Fiduciary Duty she has with her trust fund,

37. Plaintiff alleges LO claimed in the email she had received her request for an investigation to be opened up in regards to the breach of fiduciary duty she had with her trust fund,

38.    Plaintiff alleges she received a letter dated January 28, 2020 from the Jackson

Attorney General's Office in or about February 7, 2020 in regards to the criminal investigation

the Attorney General Office in Jackson Mississippi opened in regards to her Breach Of Fiduciary

Duty she has with her trust fund,



39. Plaintiff alleges The Attorney General Office later closed her case claiming they

could find no criminal wrongdoing,

40.    Plaintiff alleges she spoke to Former Prosecuting Attorney Eric Ray, hereinafter

("ER") with the Attorney General's office in or about March 8, 2020 about his decision to close

her case with the Attorney General's office. Plaintiff alleges ER told her from the claims she told

him about her case that it should be reopened and investigated again by the Attorney General's

office,

41.    Plaintiff alleges around the same time she had contacted the Attorney General's

office she also called the Jackson Mississippi Police Department, hereinafter ("JMPD") in and

about January 25, 2020 and asked to have a Detective with the JMPD opened a criminal case in

regards to a Breach of Fiduciary Duty she had with her trust fund,

42. Plaintiff alleges JMPD Officer Owen Wells, hereinafter ("OW") spoke with the Plaintiff verbally over a phone call and afterwards he opened a criminal investigation in regards to the Breach of Fiduciary Duty the Plaintiff claims she has with her trust fund at Melton Law firm and Trustmark Bank,

43. Plaintiff alleges after she told OW she had a Breach of Fiduciary Duty he then made a report and assigned the case number PR#2020020289 to her case,

44. Plaintiff alleges Police Officer OW called the main Trustmark bank located in Jackson Mississippi and spoke to the fraud department to investigator Gibson in regards to the Trustmark bank signature statement Plaintiff has involved with her Breach of Fiduciary Duty of her trust fund,

45. Plaintiff alleges she told OW she suspected the social security number on the bank signature statement was actually the tax ID number to her trust fund,

46. Plaintiff alleges OW did a search with the U.S. Social Security Administration with the social security number 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 the Plaintiff's mother BBF used on the Trustmark Bank signature statement as her social security number, OW told the Plaintiff the social security number on the Trustmark Bank signature statement was indeed a social security number and not a Tax ID number,

47. Plaintiff alleges OW told her verbally over the phone he and Gibson could find no wrongdoing with the Trustmark bank signature statement and he was going to send her case to the Greenwood Mississippi Police department for further investigation,

48. Plaintiff alleges she spoke with Greenwood Police Department Officer David Layton, hereinafter ("DL"), on or about March 07, 2020 in regards to her case forwarded to the Greenwood Police Department,

49. Plaintiff was later refused due process without legal or factual basis when DL and

Assistant District Attorney Timothy Jones, hereinafter ("TJ") violated the Plaintiff's Fifth

Amendment, when DL and TJ refused the Plaintiff's due process and when DL and TJ defamed

the Plaintiff in or about the second week of March 2020,

50. DL and TJ refused the Plaintiff's due process because Attorney Floyd Melton 3rd.,

hereinafter ("FM3") alleged to DL and TJ that the Plaintiff was just trying to find out about her

mother's estate and that the Plaintiff had no right to any information pertaining to her mother's

estate per a court order,

51. Plaintiff alleges she never made any such claims verbally by email or by text to DL

and TJ that she wanted to find out anything pertaining to her mother's estate and that she had a

Breach of Fiduciary Duty with the Trustee of her Trust Fund Attorney FMJ, her

late mother BBF, CFW and Trustmark Bank,

52. Defendant DL and TJ refused to believe Plaintiff's claim and instead DL and JT

defamed the Plaintiff by alleging the Plaintiff was "Crazy" because FM3. told DL and TJ that

the Plaintiff was "Crazy" and "That the Plaintiff was just trying to find out about her mother's

estate." FM3 also told DL and TJ the Trustmark Bank signature statement the plaintiff had dated

from 2001 with bank account number 7705799663 was just a typo with social security number

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 and that Plaintiff was mistaken because FM3 told Defendants DL and TJ the social

security number was a typo without verifying to the defendants DL and TJ how he knew it was a

typo,

53. Plaintiff verified the Trustmark Bank signature statement she had was indeed not a

typo with the search she did with the Department of treasury with case number: 0001731967S,

54. Plaintiff responded to Defendant's TJ and DL claiming to them she was not

"Crazy" and that she did indeed have a Breach of Fiduciary Duty with her Trust fund. As well

the Plaintiff verified the social Security number on the Trustmark Bank signature statement was

indeed not a typo because the Plaintiff did a search with the Department of Treasury in and

around December 18, 2019 under her mother, BBF name and under the social security number listed on the Trustmark Bank signature Bank statement the Plaintiff has in her possession. The search identified the Plaintiff's Bond's embezzled from her Trust Fund,

55.    After TJ spoke with FM3 about his alleged claim that the Plaintiff was crazy then TJ verbally told the Plaintiff he was going to have DL close her case because TJ agreed with FM3 that Plaintiff was "Crazy" just trying to find out about her mother's estate. Plaintiff never made any such claims verbally or by text to the Defendant's that she wanted information pertaining to her mother's estate,

56.    The Plaintiff later spoke to Former Greenwood Police Department Chief of Police Defendant Jody Bradley, hereinafter ("JB") and Plaintiff asked him to have DL reopen her case and investigate it on the grounds she was not out of the statute of limitations with the Identity Theft associated with the embezzlement of her trust fund. Defendant JB told the Plaintiff there was nothing else he could do for her and he referred her to the Secret Service,

57.    Plaintiff later contacted the US Attorney Office in Oxford Mississippi in and about June 11, 2020 and she spoke with US Atty. Samuel Stringfellow in response to the Plaintiff's claim she had a Breach of Fiduciary Duty with her trust fund. US Atty. Stringfellow opened an investigation and he assigned Secret Service Agent Roger Kirby, hereinafter ("RK") to the Plaintiff's case,

58.    RK investigated the Plaintiff's case starting on or about July 8, 2020 and he verified the social security number BBF used with the Trustmark bank account 7705799663 belonged to SKH,

59.    Plaintiff later received from RK an email on or about July 14, 2020 with information from RK as to why he alleged the Jackson Attorney General Office closed the Plaintiff's case RE: CS-20-00494. RK alleged the reason the Jackson Attorney General Office closed the Plaintiff's case is because there is a statute of limitations with the Identity Theft

associated with the Plaintiffs Breach of Fiduciary Duty of her Trust Fund,

60.    Plaintiff received a cell phone text message from RK on July 31, 2020 on or about 10:00 A.M. with RK claiming to the Plaintiff in the text message, "Requested subpoena to issue to Treasury. Traveling today, out of town for the next three weeks on protection assignments,



61.    Plaintiff alleges RK never acknowledged to her if he had received from his subpoena the information on the search the Plaintiff did with the Department of Treasury on December 18, 2019,

62.    Plaintiff alleges she received an email form AUS Atty. Bob Norman, hereinafter ("BN") on or about September 5 in regards to the investigation she had on going with RK. BN told the Plaintiff in the email he sent her that her case was closed and BN did not give reason in the email to the Plaintiff why her case was closed,

63.    As the result of the actions complained of in this Complaint, Plaintiff has suffered actual financial losses, as well as severe mental anguish and emotional distress, for which the Defendants should be required to compensate her,

## V. CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**

**(PURSUANT TO 42 U.S.C. 1983 VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENT)** (Against Defendants City of Greenwood, Officers Layton, Bradley and Leflore County ADA Jones.)

64.     Plaintiff hereby incorporates all other preceding paragraphs of this Complaint as if set forth herein.

65.     Defendants Layton and Bradley did intentionally and knowingly violate Plaintiff's Fifth and Fourteenth Amendment Rights by refusing her due process in regards to an investigation of Plaintiff's Breach of Fiduciary Duty with her trust fund. The Defendant City of Greenwood, Mississippi is responsible for the actions of Police Officers David Layton and Jody Bradley that were taken in the scope of their employment as Police Officers. Defendant City of Greenwood, Mississippi and these named Police Officers had a policy and custom to commit the herein violations. Police Officers Layton and Bradley were all employees of the Defendant City of Greenwood, Mississippi and acted under color of law as Police Officers. The aforesaid actions of said Defendants deprived Plaintiff of life and liberty in violation of her Fifth and Fourteenth Amendment Rights under the U.S. Constitution. The actions described in the above paragraphs that contributed to the violation of the Plaintiff's Fifth and Fourteenth Amendment Rights while causing her emotional distress. As a result Defendant's are responsible for their willful. malicious, knowing, intentional, purposeful conduct and defendants are liable to Plaintiff for an amount exceeding $5,000,000.00.

**SECOND CAUSE OF ACTION**

(Pursuant to 2014 Mississippi Code, Title 91 - TRUSTS AND ESTATES, Chapter 8 – MISSISSIPPI UNIFORM TRUST CODE, Article 10 - LIABILITY OF

TRUSTEES AND RIGHTS OF PERSONS DEALING WITH TRUSTEE, §

91-8-1001 - Remedies for breach of trust ) (Against Attorney Floyd Melton, Jr, The

Estate of Brenda B. Flowers, Claire Flowers Williams, Sandra Kay Hayes, Jon M.

Barnwell and Trustmark Bank.)

66.    Plaintiff hereby incorporates all other preceding paragraphs of this Complaint as if set forth herein.

67.    The Defendants actions described in the above paragraphs that contributed to the Breach of Fiduciary Duty the Plaintiff has with her Trust Fund and the Trustee while causing her emotional distress. As a result of Defendant's action Plaintiff was damaged in an amount exceeding $5,000,000.00. Defendant's conduct was willful, malicious, knowing, intelligent, intentional, purposeful and Defendant's are liable to Plaintiff for an amount exceeding $5,000,000.00.

**THIRD CAUSE OF ACTION**

**(Pursuant to Mississippi Code Title 97. Crimes § 97-23-19. Embezzlement)** (Against Attorney Floyd Melton, Jr, The Estate of Brenda B. Flowers, Claire Flowers Williams, Sandra Kay Hayes, Jon M. Barnwell and Trustmark Bank.)

68.    Plaintiff hereby incorporates all other proceeding paragraphs of this Complaint as if set forth herein.

69.    At the time of Plaintiff's Breach of Fiduciary Duty complained herein, as the results Defendants of the aforesaid actions Plaintiff has an Embezzlement of her Trust Fund. As a

as a result of Defendant's action Plaintiff was damaged in an amount exceeding $5,000,000.00.

70.   Defendant's conduct was willful, malicious, knowing, intelligent, intentional, purposeful and Defendant's are liable to Plaintiff for an amount exceeding $5,000,000.00.

## FOURTH CAUSE OF ACTION

**( 2013 Mississippi Code Title 11 - CIVIL PRACTICE AND PROCEDURE Chapter 1 - PRACTICE AND PROCEDURE PROVISIONS COMMON TO COURTS § 11-1-65 - Punitive damages; limitations )** (For Conscious Pain and Suffering against all Defendants)

71.   Plaintiff incorporates all other proceeding paragraphs of this Complaint as if set forth herein.

72.   As the result of the actions complained of in this Complaint, Plaintiff has suffered actual financial losses, as well as severe mental anguish and emotional distress, for which the Defendants should be required to compensate her for the conscious pain and suffering and humiliation Plaintiff endured.

73.   As a result of Defendant's action Plaintiff was damaged in an amount exceeding $5,000,000.00.

74.   Defendant's conduct was willful, malicious, knowing, intelligent, intentional, purposeful and Defendant's are liable to Plaintiff for an amount exceeding $5,000,000.00.

### VI. PRAYER FOR RELIEF

**WHEREFORE**, based on the above stated facts, the plaintiffs respectfully requests that this Honorable Court award:

A.   Damages against the defendants in an amount to be determined at trial which will fairly and reasonably compensate the plaintiff;

B.   An award of the costs and expenses of this action including attorneys fees to the

Plaintiff such other and further relief as may be just and proper under the circumstances, including, but not limited to appropriate injunctive relief;

C.    Punitive damages against the individual defendants in an amount to be determined at trial;

C.    Attorneys' fees and litigation costs; and

D.    Any other relief that the Court may deem just and appropriate.

## VII.    REQUEST FOR TRIAL BY JURY

The Plaintiff requests a trial to a jury on all issues so triable.

Respectfully submitted,

_Brenda Paixao_          Brenda Paixao    *March 10, 2023*

PLAINTIFF

Brenda Paixao

665 S. Pear Orchard Rd.

Ste 106 -788

Ridgeland, MS 39157

18

## Affidavit

STATE OF MISSISSIPPI
COUNTY OF GRENADA

The undersigned, BRENDA PAIXAO, being duly sworn, hereby deposes and says:

1. I am over the age of 18 and am a resident of the State of Mississippi. I have personal knowledge of the facts herein, and, if called as a witness, could testify completely thereto.

2. I suffer no legal disabilities and have personal knowledge of the facts set forth below.

3. This is the Affidavit of Brenda Paixao to accompany my Civil Rights Federal Lawsuit. I Brenda Paixao, a resident of Grenada, Mississippi,do solemnly swear that I told the facts and only the facts as accurate and to the best of my knowledge listed in my Civil Rights Lawsuit. I declare I have a breach of Fiduciary Duty with my Trust Fund and with the Trustee of my Trust fund Attorney Floyd Melton, Jr. at Melton Law Firm in Greenwood Mississippi, The Estate of Brenda B. Flowers, Claire Flowers Williams, Sandra Kaye Hayes, Jon M. Barnwell and at Trustmark bank at address 938 US-82, Greenwood Mississippi 38930.

I filed a Police Misconduct Civil Rights Lawsuit under the US Constitution for the violation of my Fifth and Fourteenth Amendment Right because I was refused due process with Greenwood Mississippi Police Department and the Leflore County district Attorney Office in Greenwood Mississippi in regards to an investigation of my Breach of Fiduciary Duty with my Trust Fund.

I also bring this Federal Civil Rights Lawsuit against the City of Greenwood Mississippi who are responsible for the unjust actions that deprived me of my rights under the Fifth and Fourteenth Amendment of the US Constitution because Police Officer's David Layton and Jody Bradley and Leflore County Assistant District Attorney Timothy Jones violated my Civil Rights with in regards to an investigation of a Breach of Fiduciary Duty I have with my Trust Fund.

I declare that, to the best of my knowledge and belief, the information herein is true, correct, and complete.

Executed this __27th__ day of __February_____, 20_23____.

_Brenda Paixao_____
Brenda Paixao

This is a Docket1  swear com document

## NOTARY ACKNOWLEDGMENT

STATE OF ~~MISSISSIPPI~~ Florida ~~COUNTY~~ COUNTY OF ~~GRENADA~~ Pasco ss:

On this 27th day of February , 2023 , before me,

William R Scharff Jr , personally appeared Brenda Paixao, known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within Affidavit, and, being first duly sworn on oath according to law, deposes and says that he/she has read the foregoing Affidavit subscribed by him/her, and that the matters stated herein are true to the best of his/her information, knowledge and belief.

William R Scharff Jr
NOTARY PUBLIC
STATE OF FLORIDA
Appt. No. HH 49906
Expires October 1, 2024
Online Notary Center

In witness whereof I hereunto set my hand and official seal.

Notary Public

Notary
Title (and Rank)

My commission expires 10/01/2024

Notarial Act performed by Audio-Video Communication



ORIGIN ID:MFRA  (541) 488-1204
BRENDA PAIXAO

1467 SISKIYOU BLVD

ASHLAND, OR 97520
UNITED STATES US

TO
CLERK OF COURT
911 JACKSON AVE E

OXFORD MS 38655

(662) 234-1971          REF: BRENDA PAIXAO
INV/ PKG ID: 135286          DEPT:
PO:

SHIP DATE: 11MAR23
ACTWGT: 1.05 LB
CAD: 260463303/WSXI3600
DIMS: 13x10x1 IN

BILL SENDER

FedEx
Express



MON - 13 MAR 10:30A
PRIORITY OVERNIGHT

TRKH 3956 2867 4760
0201

XH  UOXA

38655
MS-US  MEM

Reusable F