**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**BRENDA PAIXAO**                                                                                            **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO. 4:23-cv-47-NBB-JMV**

**CITY OF GREENWOOD, ET AL.**                                                **DEFENDANT**

**ORDER**

Before the court are Plaintiff's Motion to Proceed *in forma pauperis* [6] and Motion [5] for an Order Directing the U.S. Marshals to Serve Amended Complaint. The motion for an order directing the Marshals to serve also requests an additional 60 days in which to accomplish said service. The plaintiff has submitted financial information under penalty of perjury as required by 28 U.S.C. § 1915(a)(1). After due consideration, the Court finds that the motions are well taken, and are **GRANTED**, in accordance with the explanation below.

Plaintiff filed her original complaint [1] in this cause on March 13, 2023. Importantly, the filing fee of $402 was also paid by Plaintiff when she filed her complaint. Summonses [3] were issued for all named defendants on March 14, 2023. Before any further action was taken, Plaintiff amended her complaint [4] on March 30, 2023. That same day, the two instant motions before the court were also filed.

The granting or denying of *in forma pauperis* ("IFP") status in civil proceedings is left to the sound discretion of the District Court. *Willard v. U.S.*, 299 F. Supp. 1175, 1177 (N.D. Miss. 1969), *aff'd*, 422 F.2d 810 (5th Cir. 1970). Among other requirements to proceed IFP, a plaintiff is required to submit an affidavit that includes a statement of all assets showing an inability to pay. 28 U.S.C. § 1915(a)(1). The court then examines the financial condition of the applicant in order to determine whether payment of fees would cause undue financial hardship. *Prows v.*

*Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

Although Plaintiff, here, has already paid the filing fee to commence this action, she now asks the court to grant IFP status in conjunction with her motion to have the Marshals serve the amended complaint on the defendants. When a *pro se* plaintiff has already paid the filing fee to initiate a case, the court may grant IFP status, but restrict its purpose to obtaining the assistance of the United States Marshals in serving the complaint on the defendant(s). *See Rodriguez v. Trustees of Columbia Univ. in the City of N.Y.*, No. 03Civ.4072(RMB)(DF), 2004 WL 1087264, at *2 (S.D. N.Y. May 14, 2004). Conversely, in a similar situation, the 5th Circuit held it was not erroneous for a district court to deny IFP motions where the filing fee had already been previously paid. *Shisinday v. Texas Dept. of Criminal Justice-Agency*, 124 Fed. App'x. 898, 899 (5th Cir. 2005) (per curiam).[1]

Plaintiff has submitted her application, detailing her financial position, and supplemented this information in the earlier motion [5], where she indicated she "became unemployed and as such cannot afford to pay a process server to serve the Amended Complaint on Defendants." Given the plaintiff's limited assets and recent employment status change demonstrate indigency, the application to proceed IFP is granted. However, because the filing fee has already been paid, the plaintiff's IFP status is granted only for the purpose of having the United States Marshal serve the amended complaint on the defendants.

Plaintiff is also instructed that, while the Marshals are to assist in serving the defendants in this cause, they are not responsible for obtaining the addresses of the various defendants. *See Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 447 n.4 (5th Cir. 1996) (explaining it is the plaintiff's responsibility to provide the Marshal Service with sufficient information); *see also Lee*

---

[1] The 5th Circuit noted in its opinion that *Shisinday* does not hold precedential value, pursuant to 5TH CIR. R. 47.5, but retains persuasive value.

*v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (providing the proper address for serving a defendant is the plaintiff's responsibility). The Marshal Service and the court should refrain from engaging in any investigatory efforts on behalf of the plaintiff. *See Bowman v. Johnson*, No. 3:08cv449, 2010 WL 122593, at *1 (E.D. Va., Mar. 26, 2010) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Therefore, the plaintiff will be required to provide information sufficient for the Marshals to serve the defendants with process in this cause. Relatedly, the plaintiff's request for an additional 60 days to serve process is due to be granted for the cause shown – so that she may provide the addresses to allow the Marshal Service to effectuate service.

**THEREFORE, IT IS ORDERED** that:

1. The deadline to accomplish service of process is extended 60 days and is now due August 13, 2023.
2. The plaintiff shall provide the addresses for each of the defendants she wishes the Marshal Service to serve. Plaintiff may do so by filing a document with the pertinent information in accordance with her previous filings.
3. The Clerk's Office shall re-issue Summonses, containing the amended complaint, for each defendant that the plaintiff provides address information.
4. The U.S. Marshal Service shall serve process as directed in the re-issued summonses in accordance with 28 U.S.C. § 1915.

**SO ORDERED**, this the 6th day of April, 2023.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**