IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BRENDA PAIXAO**                                                                                   **PLAINTIFF**

**V.**                                                    **NO: 4:23CV047-GHD-JMV**

**CITY OF GREENWOOD; COUNTY OF LEFLORE; GREENWOOD POLICE DEPARTMENT;** a municipal Law enforcement agency organized and operated in the Northern District of Mississippi; **OFFICER DAVID LAYTON,** In His Individual and Official Capacity; **OFFICER JODY BRADLEY,** In His Individual and Official Capacity; **LEFLORE COUNTY ASSISTANT DISTRICT ATTORNEY TIMOTHY JONES,** In His Individual and Official Capacity; **FLOYD MELTON, JR.,** In His Individual and Official Capacity; **THE ESTATE OF BRENDA B. FLOWERS,** In Her Individual and Official Capacity; **CLAIRE FLOWERS WILLIAMS,** In Her Individual and Official Capacity; **SANDRA KAY HAYES,** In Her Individual and Official Capacity; **TRUSTMARK BANK,** A Financial Institute in the Northern District of Mississippi; and **JON BARNWELL,** In His Individual and Official Capacity                          **DEFENDANTS**

## MEMORANDUM OPINION

Presently before the Court is Defendant Claire Williams' Motion to Dismiss [16]. The Plaintiff has not responded in opposition to the present motion. The Court, upon due consideration, having considered the submissions of the Defendant and the applicable authority hereby grants Defendant Claire Williams' Motion to Dismiss [16].

### Factual Background

This case arises out of Plaintiff's allegations that the Defendants were involved, in varying degrees, with embezzling funds from her trust account. This trust, and the accompanying

1

guardianship, were established in Leflore County Chancery Court in Greenwood, Mississippi. Plaintiff's complaint alleges that her grandparents created a trust account with approximately five-million dollars ($5,000,000) in assets that was managed by Defendant Melton and his law firm. The Plaintiff's mother, Brenda Flowers, acted as the guardian ad litem of the trust fund. Plaintiff asserts that her mother, Brenda Flowers, conspired with Defendants Melton, Claire Williams, Sandra Hayes, Jon Barnwell, and Trustmark Bank to embezzle funds from Plaintiff's trust account using an account at Trustmark and that this embezzlement took place from 2001 until 2006.

Plaintiff's complaint asserts that the Jackson, Mississippi Police Department and the Mississippi Attorney General's Office were contacted at some point in the year 2020 to open a criminal case or investigation regarding the embezzlement, however, no wrongdoing was found. The case was forwarded to the Greenwood, Mississippi, Police Department, but Plaintiff alleges that it was closed soon after being received. Plaintiff then contacted the United States Attorney's Office in Oxford, Mississippi to request that an investigation be opened into the alleged embezzlement but was soon after told that the case was closed.

Plaintiff initiated the present suit on March 13, 2020 asserting claims of civil rights violations, embezzlement, breach of trust, breach of fiduciary duty, and defamation against the ten Defendants previously listed.

## Standard

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996) (quoted favorably in *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). Dismissal for lack of subject matter jurisdiction may be based upon: "(1) the complaint alone; (2) the complaint supplemented

2

by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *Voluntary Purchasing Grps., Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989). Where the case is filed in the wrong court, and where the defendant is entitled to Eleventh Amendment immunity, the Court lacks subject matter jurisdiction over Plaintiff's claims. *Mahogany v. La. State Sup. Ct.*, 262 F.App'x. 636, 636 (5th Cir. 2008) (per curiam) ("A federal district court lacks subject matter jurisdiction where the named defendants are protected by Eleventh Amendment immunity.")

## Discussion

Defendant Claire Williams asserts that this Court lacks subject matter jurisdiction over the claims presented in the complaint as the Leflore County Chancery Court maintains continuing jurisdiction over this matter. Defendant Claire Williams did not expand on this argument for dismissal. The Court will first discuss federal question jurisdiction, as the complaint appears to use this as the basis for jurisdiction in this matter.

The Plaintiff asserts only one cause of action that raises a federal question, which is the first claim alleging violations of the Fifth and Fourteenth Amendment. However, the complaint notes that this cause of action is not directed towards Defendant Claire Williams. The only claims brought against Claire Williams appear to be state law claims. Supplemental jurisdiction could permit this Court to maintain jurisdiction over the state law claims asserted against Defendant Claire Williams that together with the federal claims form one case or controversy. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). In this matter, the state law claims against Defendant Claire Williams are related to the federal law claims, as all of the claims asserted in the complaint concern the Plaintiff's trust that was allegedly misappropriated

or embezzled from by the Defendants. Therefore, the common factual basis for the claims provide the first step to determining the Court's supplemental jurisdiction over the claims against Defendant Claire Williams. The Court will assume, without deciding, that it does have the power to exercise supplemental jurisdiction over the present claims. Given this assumption, the Court will now examine whether in fact it should exercise jurisdiction over Defendant Claire Williams and the claims brought against her.

Under § 1367(c), the court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). The Court only finds necessary to address subsection (3), which concerns the pendency of the claims which provide original jurisdiction.

As the Court has ruled in other opinions and the order issued this day, the federal claims which provided original jurisdiction in this matter have been dismissed. Federal claims were only brought against Defendants Melton, City of Greenwood, Layton, Bradley, and Jones, and all federal claims against these Defendants have been dismissed. Ordinarily, the fact that all federal claims have been disposed of counsels in favor of the district court declining to retain jurisdiction over any pendent state law claims. *Branson v. Greyhound Lines, Inc. Amalgamated Council Ret. & Disability Plan*, 126 F.3d 747, 758 (5th Cir.1997). Further, the issues at hand here directly concern the decisions of a state court, and the Court finds that having these issues decided by a state court would be in the best interest of judicial economy. Therefore, the Court declines to exercise supplemental jurisdiction over the claims brought against Defendant Claire Williams.

Further, there appears to be no argument that diversity jurisdiction exists, as diversity jurisdiction requires complete diversity of citizenship; that is, a district court cannot exercise subject-matter jurisdiction if any plaintiff shares the same citizenship as any defendant. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). In this matter, there are multiple parties that share citizenship, thus not permitting diversity jurisdiction.

## Conclusion

For the reasons state above, the Court finds that Defendant Claire Williams' Motion to Dismiss [16] is GRANTED and Plaintiff's claims against her are dismissed.

An order in accordance with this opinion shall issue this day.

This, the 2nd day of January, 2024.

SENIOR U.S. DISTRICT JUDGE