IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BRENDA PAIXAO**                                                                               **PLAINTIFF**

**V.**                                                      **NO: 4:23CV047-GHD-JMV**

**CITY OF GREENWOOD; COUNTY OF LEFLORE; GREENWOOD POLICE DEPARTMENT;** a municipal Law enforcement agency organized and operated in the Northern District of Mississippi; **OFFICER DAVID LAYTON,** In His Individual and Official Capacity; **OFFICER JODY BRADLEY,** In His Individual and Official Capacity; **LEFLORE COUNTY ASSISTANT DISTRICT ATTORNEY TIMOTHY JONES,** In His Individual and Official Capacity; **FLOYD MELTON, JR.,** In His Individual and Official Capacity; **THE ESTATE OF BRENDA B. FLOWERS,** In Her Individual and Official Capacity; **CLAIRE FLOWERS WILLIAMS,** In Her Individual and Official Capacity; **SANDRA KAY HAYES,** In Her Individual and Official Capacity; **TRUSTMARK BANK,** A Financial Institute in the Northern District of Mississippi; and **JON BARNWELL,** In His Individual and Official Capacity                     **DEFENDANTS**

## **MEMORANDUM OPINION**

Presently before the Court is Defendant Jon Barnwell's Motion to Dismiss [17]. The Plaintiff has not responded in opposition to the present motion. The Court, upon due consideration, having considered the submissions of the Defendant and the applicable authority, hereby grants Defendant Jon Barnwell's Motion to Dismiss [17].

### **Factual Background**

This case arises out of Plaintiff's allegations that the Defendants were involved, in varying degrees, with embezzling funds from her trust account. This trust, and the accompanying

1

guardianship, were established in Leflore County Chancery Court in Greenwood, Mississippi. Plaintiff's complaint alleges that her grandparents created a trust account with approximately five-million dollars ($5,000,000) in assets that was managed by Defendant Melton and his law firm. The Plaintiff's mother, Brenda Flowers, acted as the guardian ad litem of the trust fund. Plaintiff asserts that her mother, Brenda Flowers, conspired with Defendants Melton, Claire Williams, Sandra Hayes, Jon Barnwell, and Trustmark Bank to embezzle funds from Plaintiff's trust account using an account at Trustmark and that this embezzlement took place from 2001 until 2006.

Plaintiff's complaint asserts that the Jackson, Mississippi Police Department and the Mississippi Attorney General's Office were contacted at some point in the year 2020 to open a criminal case or investigation regarding the embezzlement, however, no wrongdoing was found. The case was forwarded to the Greenwood, Mississippi, Police Department, but Plaintiff alleges that it was closed soon after being received. Plaintiff then contacted the United States Attorney's Office in Oxford, Mississippi to request that an investigation be opened into the alleged embezzlement but was soon after told that the case was closed.

Plaintiff initiated the present suit on March 13, 2020 asserting claims of civil rights violations, embezzlement, breach of trust, breach of fiduciary duty, and defamation against the ten Defendants previously listed.

**Standard**

"When a Rule 12(b)(1) motion is filed in conjunction with a Rule 12(b)(6) motion, ... courts must consider the jurisdictional challenge first." *McCasland v. City of Castroville, Tex.*, 478 F. Appx. 860 (5th Cir. 2012) (per curiam) (citing *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); *Morgan v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* at 860-61

(quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam)); *Hitt v. City of Pasadena, Tex.*, 561 F. 2d 606, 608 (5th Cir. 1977) (per curiam). Accordingly, the Court first addresses the jurisdictional issues under Rule 12(b)(1).

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996) (quoted favorably in *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). Dismissal for lack of subject matter jurisdiction may be based upon: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *Voluntary Purchasing Grps., Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989). Where the case is filed in the wrong court, and where the defendant is entitled to Eleventh Amendment immunity, the Court lacks subject matter jurisdiction over Plaintiff's claims. *Mahogany v. La. State Sup. Ct.*, 262 F.App'x. 636, 636 (5th Cir. 2008) (per curiam) ("A federal district court lacks subject matter jurisdiction where the named defendants are protected by Eleventh Amendment immunity.")

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). The Court accepts all well-pleaded facts in the complaint as true and views those facts in the light most favorable to the Plaintiff. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

3

face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955). Since *Iqbal*, however, the Fifth Circuit has clarified that the Supreme Court's "emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n. 44 (5th Cir. 2011).

## Discussion

Defendant Barnwell, who at all times relevant to this matter was a Chancery Court Judge for the 7th Chancery District of Mississippi, first asserts that the Eleventh Amendment bars the claims against him in his official capacity. Under the Eleventh Amendment, the state, its agencies, and its officers, are immune from lawsuits in their official capacities. *Kentucky v. Graham*, 473

4

U.S. 159, 166 (1985) (holding that a claim against a state official acting in her official capacity is treated as a claim against the state itself). The Fifth Circuit has expressly recognized that state court judges are entitled to Eleventh Amendment immunity when sued in their official capacities. See *Davis v. Tarrant County*, 565 F.3d 214, 228 (5th Cir. 2009) ("Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities as state actors."); *Frey v. Bordis*, 286 F. App'x 163, 165 (5th Cir. 2008) (stating that the Eleventh Amendment bars claims against Mississippi judges sued in their official capacities). Both federal and pendent state law claims are barred from being asserted against a state in federal court. *Pennhurst State Sch. & Hosp.*, 465 U.S. 89, 119-21 (1984).

Two exceptions to this Eleventh Amendment immunity are when the state waives its immunity or Congress overrides that immunity. *Green v. Mansour*, 474 U.S. 64, 68 (1986); see also *Martinez v. Texas Dep't of Criminal Justice*, 300 F.3d 567, 573 (5th Cir. 2002). Neither of these exceptions are present in this case, as Section 1983 does not function to abrogate Eleventh Amendment immunity, nor has Mississippi waived its Eleventh Amendment immunity for lawsuits such as this one. *Quern v. Jordan*, 440 U.S. 332 (1979), See Miss. Code Ann. § 11-46-5(4). Further, the *Ex parte Young* exception does not apply, which "permits suits for prospective ... relief against state officials acting in violation of federal law[,]" as Plaintiff Paixao has requested only monetary relief in this matter and not any prospective relief. *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Given the existence of no exceptions to Eleventh Amendment immunity in matters such as this and the failure of the Plaintiff to provide any argument or exceptions otherwise, the Court finds that the claims against Defendant Barnwell in his official capacity should be dismissed.

Defendant Barnwell next asserts that Plaintiff has failed to state a claim as to any of the alleged state law claims against him. Defendant Barnwell states that there have been no allegations against him that rise above a conclusory level. Specifically, Defendant Barnwell is only mentioned, other than by listing of his name, once in the facts section of the complaint. This individual allegation is as follows: "Plaintiff alleges her mother BBF told her verbally in 2001 she was in debt to the IRS about 250 thousand dollars and afterwards the Plaintiff alleges her mother BBF started embezzling from the Plaintiff's Trust Fund in and about 2001 with the help of Judge Jon M. Barnwell…[.]". [4]. Even though Plaintiff Paixao is proceeding pro se, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002) (quoting *S. Christian Leadership Conference v. Supreme Court of State of La.*, 252, F. 3d 781 (5th Cir. 2001)). Merely asserting that Defendant Barnwell has participated in embezzlement does not reach the threshold of facially plausible claim.

However, even though the Court has found that Plaintiff has failed to state a plausible claim, instead only providing one conclusory allegation, as to Defendant Barnwell, the Court will briefly further analyze the claims brought against Defendant Barnwell. Plaintiff has listed Defendant Barnwell's name in relation to claims asserting that the Defendants breached a duty of trust owed to the Plaintiff and that the Defendants breached a fiduciary duty owned to the Plaintiff. Plaintiff, however, has not alleged the existence of a trustee and beneficiary relationship nor the existence of any duty. Further, Plaintiff has included Defendant Barnwell's name in the claim alleging that the Defendants embezzled from the Plaintiff's trust account. There is no basis, and the Plaintiff has provided no argument, as to how or why an alleged violation of a criminal statute

could persist as a private civil right of action. Overall, the Plaintiff has failed to demonstrate or allege any plausible claim against Defendant Barnwell.

## Conclusion

For the reasons stated above, the Court finds that Defendant Jon Barnwell's Motion to Dismiss [17] is GRANTED and Plaintiff's claims against him are dismissed.

This, the 2nd day of January, 2024.

_____
SENIOR U.S. DISTRICT JUDGE

7