IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BRENDA PAIXAO**                                                    **PLAINTIFF**

**V.**                                                          **NO: 4:23CV047-GHD-JMV**

**CITY OF GREENWOOD; COUNTY OF LEFLORE; GREENWOOD POLICE DEPARTMENT;** a municipal Law enforcement agency organized and operated in the Northern District of Mississippi; **OFFICER DAVID LAYTON,** In His Individual and Official Capacity; **OFFICER JODY BRADLEY,** In His Individual and Official Capacity; **LEFLORE COUNTY ASSISTANT DISTRICT ATTORNEY TIMOTHY JONES,** In His Individual and Official Capacity; **FLOYD MELTON, JR.,** In His Individual and Official Capacity; **THE ESTATE OF BRENDA B. FLOWERS,** In Her Individual and Official Capacity; **CLAIRE FLOWERS WILLIAMS,** In Her Individual and Official Capacity; **SANDRA KAY HAYES,** In Her Individual and Official Capacity; **TRUSTMARK BANK,** A Financial Institute in the Northern District of Mississippi; and **JON BARNWELL,** In His Individual and Official Capacity       **DEFENDANTS**

**MEMORANDUM OPINION**

Presently before the Court is Defendants City of Greenwood, Officer David Layton, and Officer Jody Bradley's Motion to Dismiss [22]. The Plaintiff has not responded in opposition to the present motion. The Court, upon due consideration, having considered the submissions of the parties and the applicable authority hereby grants Defendants City of Greenwood, Officer David Layton, and Officer Jody Bradley's Motion to Dismiss [22].

1

**Factual Background**

This case arises out of Plaintiff's allegations that the Defendants were involved, in varying degrees, with embezzling funds from her trust account. This trust, and the accompanying guardianship, were established in Leflore County Chancery Court in Greenwood, Mississippi. Plaintiff's complaint alleges that her grandparents created a trust account with approximately five-million dollars ($5,000,000) in assets that was managed by Defendant Melton and his law firm. The Plaintiff's mother, Brenda Flowers, acted as the guardian ad litem of the trust fund. Plaintiff asserts that her mother, Brenda Flowers, conspired with Defendants Melton, Claire Williams, Sandra Hayes, Jon Barnwell, and Trustmark Bank to embezzle funds from Plaintiff's trust account using an account at Trustmark and that this embezzlement took place from 2001 until 2006.

Plaintiff's complaint asserts that the Jackson, Mississippi Police Department and the Mississippi Attorney General's Office were contacted at some point in the year 2020 to open a criminal case or investigation regarding the embezzlement, however, no wrongdoing was found. The case was forwarded to the Greenwood, Mississippi, Police Department, but Plaintiff alleges that it was closed soon after being received. Plaintiff then contacted the United States Attorney's Office in Oxford, Mississippi to request that an investigation be opened into the alleged embezzlement but was soon after told that the case was closed.

Plaintiff initiated the present suit on March 13, 2020 asserting claims of civil rights violations, embezzlement, breach of trust, breach of fiduciary duty, and defamation against the ten Defendants previously listed.

**Standard**

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus.,*

*Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). The Court accepts all well-pleaded facts in the complaint as true and views those facts in the light most favorable to the Plaintiff. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955). Since *Iqbal,* however, the Fifth Circuit has clarified that the Supreme Court's "emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the

likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n. 44 (5th Cir. 2011).

## Discussion

Plaintiff has asserted Fifth Amendment and Fourteenth Amendment claims against Defendants City of Greenwood, Officer David Layton, and Officer Jody Bradley (collectively "Municipal Defendants"). Plaintiff has also asserted state law defamation and libel claims against the Municipal Defendants. The complaint names both the City of Greenwood and Greenwood Police Department as Defendants, however the police department is a department within the city and cannot be sued as a separate entity. In order for a plaintiff to sue a department of a city, that department must enjoy a separate legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). Unless the political entity that created the department has taken "explicit steps to grant the servient agency with jural authority," the department lacks the capacity to sue or to be sued. *Crull v. City of New Braunfels, Texas*, 267 Fed. Appx. 338, 341 (5th Cir.2008) (citing Darby, 939 F.2d at 313.) The pleadings have not shown this to be the case, thus the claims against the Greenwood Police Department will be considered claims against the City of Greenwood. Further, official capacity claims are construed as claims against the governmental entity for whom the defendants work. See *Turner v. Houma Mun. Fire and Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000); *Sanders–Burns v. City of Plano*, 594 F.3d 366, 373 (5th Cir. 2010).

As an initial matter, the Court notes that "the Fifth Amendment applies only to the actions of the federal government[.]" See *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996) ("[T]he Fifth Amendment applies only to the actions of the federal government[.]"). In this matter, the present Defendants are a municipality, or part of one, thus any claim surrounding the Fifth Amendment is not appropriate.

4

To establish a prima facie case under 42 U.S.C. § 1983 for a violation of the Fourteenth Amendment, Plaintiff must allege two elements: (1) the deprivation of a constitutional or a federal statutory right and (2) that the deprivation was committed by a person acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (U.S. 1988). It is unclear what the Plaintiff is alleging to be a constitutional violation, thus the Court is left to speculate that the alleged constitutional violation is either that the Municipal Defendants failed to stop the alleged embezzlement or failed to reopen the investigation of alleged embezzlement once it was closed.

Courts have consistently held that the failure to prosecute another person is not an appropriate basis for a constitutional claim, as plaintiffs do have not a constitutional right to have someone criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). As far as Plaintiff's alleged constitutional violation concerns the failure of the Municipal Defendants to prosecute or charge someone in connection with the alleged embezzlement the claim is not well taken and should be dismissed.

Further, in general, local governments are under no duty to provide protective services: "[T]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 196–97, 109 S.Ct. 998, 1003–04, 103 L.Ed.2d 249 (1989). Thus, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *Id.* at 197. Following the ruling in *DeShaney*, allegations that police have failed to investigate alleged wrongdoers fails to state a constitutional violation claim.

Plaintiff has also failed to establish that the alleged constitutional violation was the result of an official policy, custom, or practice of the Municipal Defendants. See *Monell v. Dept. of Soc.*

*Servs.*, 436 U.S. 658, 690-91 (1978). "An 'official policy' for § 1983 purposes may be either a written policy or 'persistent widespread practice of . . . officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.'" *Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002) (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)). The complaint in this matter makes a threadbare conclusory statement that the City "had a policy and custom to commit the herein violations[,]" and this assertion is insufficient to survive the present motion. [4].

Defendants Layton and Bradley also assert that they are entitled to qualified immunity. Qualified immunity shields "government officials performing discretionary functions" from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); see also *Ashcroft v. al-Kidd*, 563 U.S. 731, 743, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011) ("Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions."). Where a public official invokes qualified immunity as a defense to a civil action against him, a plaintiff has the burden of establishing a constitutional violation and overcoming the defense. See *Jackson v. City of Hearne*, 959 F.3d 194, 201 (5th Cir. 2020) (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (per curiam) (en banc)). To meet this burden, the plaintiff must show "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc) (quoting *Ashcroft*, 563 U.S. at 735, 131 S.Ct. 2074).

As discussed above, the Plaintiff has failed to establish or allege that Defendants Layton and Bradley violated a constitutional right of the Plaintiff. As to the second step, for "a right to be clearly established, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Turner v. Lietenant Driver*, 848 F.3d 685, 686 (5th Cir. 2017) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). "In other words, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" *Reichle v. Howards*, 566 U.S. 658, 664, 132 S.Ct. 2088, 182 L.Ed.2d 985 (2012) (quoting *al-Kidd*, 563 U.S. at 741, 131 S.Ct. 2074). As Plaintiff has not responded in opposition to the present motion, there has been no cases cited to show that the conduct of Layton and Bradley violated clearly established law and the Court is unaware of any cases that do so either.

Lastly, Plaintiff has asserted a state law defamation claim against the Municipal Defendants. The Mississippi Tort Claims Act provides that government employees and government entities "shall not be considered as acting within the course and scope of [their] employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, [or] defamation[...]." Miss. Code § 11-46-5(2); see also Miss. Code § 11-46-7(2). Therefore, Plaintiff's defamation claim will only be considered as to Defendants Layton and Bradley.

Defamation claims are subject to a one-year statute of limitations set forth in Mississippi Code § 15-1-35. See, e.g., *Smith v. North Bolivar Sch. Dist.*, No. 2:07-CV-51–SA–SAA, 2009 WL 3418549, at *9 (N.D. Miss. Oct. 20, 2009) ("Plaintiff's claims for defamation and slander against those same Defendants is barred by the one-year statute of limitations."). The latest time the Court

can place the alleged defamatory remarks is during the year 2020, with the best approximation during March of 2020. The complaint in this case was filed on March 13, 2023, which would be approximately two years beyond the statute of limitations.

Therefore, Plaintiff's claim of defamation is due to be dismissed from this matter. Also, the defamation claim could be dismissed for failure to state a claim even if it was filed within the statute of limitations, as the Plaintiff has made threadbare conclusory allegations as to this claim that do not meet the standard of a plausible claim.

## Conclusion

For the reasons stated above, the Court finds that Defendants City of Greenwood, Greenwood Police Department, David Layton, and Jody Bradley's Motion to Dismiss [22] is GRANTED and Plaintiff's claims against these Defendants DISMISSED.

An order in accordance with this opinion shall issue this day.

This, the 2nd day of January, 2024.

_____
SENIOR U.S. DISTRICT JUDGE