IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BRENDA PAIXAO**                                                               **PLAINTIFF**

V.                                                                           NO: 4:23CV047-GHD-JMV

**CITY OF GREENWOOD; COUNTY OF LEFLORE; GREENWOOD POLICE DEPARTMENT; a municipal Law enforcement agency organized and operated in the Northern District of Mississippi; OFFICER DAVID LAYTON, In His Individual and Official Capacity; OFFICER JODY BRADLEY, In His Individual and Official Capacity; LEFLORE COUNTY ASSISTANT DISTRICT ATTORNEY TIMOTHY JONES, In His Individual and Official Capacity; FLOYD MELTON, JR., In His Individual and Official Capacity; THE ESTATE OF BRENDA B. FLOWERS, In Her Individual and Official Capacity; CLAIRE FLOWERS WILLIAMS, In Her Individual and Official Capacity; SANDRA KAY HAYES, In Her Individual and Official Capacity; TRUSTMARK BANK, A Financial Institute in the Northern District of Mississippi; and JON BARNWELL, In His Individual and Official Capacity**                  **DEFENDANTS**

## MEMORANDUM OPINION

Presently before the Court is Defendant Timothy Jones' Motion to Dismiss [27]. The Plaintiff has not responded in opposition to the present motion. The Court, upon due consideration, having considered the submissions of the parties and the applicable authority hereby grants Defendant Jones' Motion to Dismiss [27].

### Factual Background

This case arises out of Plaintiff's allegations that the Defendants were involved, in varying degrees, with embezzling funds from her trust account. This trust, and the accompanying

1

guardianship, were established in Leflore County Chancery Court in Greenwood, Mississippi. Plaintiff's complaint alleges that her grandparents created a trust account with approximately five-million dollars ($5,000,000) in assets that was managed by Defendant Melton and his law firm. The Plaintiff's mother, Brenda Flowers, acted as the guardian ad litem of the trust fund. Plaintiff asserts that her mother, Brenda Flowers, conspired with Defendants Melton, Claire Williams, Sandra Hayes, Jon Barnwell, and Trustmark Bank to embezzle funds from Plaintiff's trust account using an account at Trustmark and that this embezzlement took place from 2001 until 2006.

Plaintiff's complaint asserts that the Jackson, Mississippi Police Department and the Mississippi Attorney General's Office were contacted at some point in the year 2020 to open a criminal case or investigation regarding the embezzlement, however, no wrongdoing was found. The case was forwarded to the Greenwood, Mississippi, Police Department, but Plaintiff alleges that it was closed soon after being received. Plaintiff then contacted the United States Attorney's Office in Oxford, Mississippi to request that an investigation be opened into the alleged embezzlement but was soon after told that the case was closed.

Plaintiff initiated the present suit on March 13, 2020 asserting claims of civil rights violations, embezzlement, breach of trust, breach of fiduciary duty, and defamation against the ten Defendants previously listed.

**Standard**

"When a Rule 12(b)(1) motion is filed in conjunction with a Rule 12(b)(6) motion, ... courts must consider the jurisdictional challenge first." *McCasland v. City of Castroville, Tex.*, 478 F. Appx. 860 (5th Cir. 2012) (per curiam) (citing *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); *Morgan v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* at 860-61

2

(quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam)); *Hitt v. City of Pasadena, Tex.*, 561 F. 2d 606, 608 (5th Cir. 1977) (per curiam). Accordingly, the Court first addresses the jurisdictional issues under Rule 12(b)(1).

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996) (quoted favorably in *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). Dismissal for lack of subject matter jurisdiction may be based upon: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *Voluntary Purchasing Grps., Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989). Where the case is filed in the wrong court, and where the defendant is entitled to Eleventh Amendment immunity, the Court lacks subject matter jurisdiction over Plaintiff's claims. *Mahogany v. La. State Sup. Ct.*, 262 F.App'x. 636, 636 (5th Cir. 2008) (per curiam) ("A federal district court lacks subject matter jurisdiction where the named defendants are protected by Eleventh Amendment immunity.")

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). The Court accepts all well-pleaded facts in the complaint as true and views those facts in the light most favorable to the Plaintiff. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

3

face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955). Since *Iqbal*, however, the Fifth Circuit has clarified that the Supreme Court's "emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n. 44 (5th Cir. 2011).

## Discussion

At all times relevant in this matter, Defendant Jones was an Assistant District Attorney employed by the Office of the District Attorney in the Fourth District of Mississippi. Defendant Jones first argues that Plaintiff Paixao's federal claims are due to be dismissed as Jones is entitled to immunity under the Eleventh Amendment.

4

The Eleventh Amendment immunizes states, their agencies, and state officials acting in their official capacities from "any suit in law or equity, commenced or prosecuted ... by Citizens of another State, or by Citizens or Subjects of any Foreign State" where the plaintiff seeks money damages. U.S. CONST. amend. XI; see also *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). To the extent that Plaintiff asserts a claim against Jones in his official capacity, the Fifth Circuit has long recognized District Attorneys are state officials entitled to Eleventh Amendment immunity. See *Moreno v. Donna Indep. Sch. Dist.*, 589 F. App'x 677, 680 (5th Cir. 2014) ("We agree with the district court that the Eleventh Amendment shields [the district attorney] from official-capacity liability."). It is well settled in the Fifth Circuit that district attorneys and assistant district attorneys sued in their official capacities are state officials, not local, for purposes of liability arising out of their prosecutorial decisions and are therefore entitled to Eleventh Amendment immunity. *Shanafelt v. Off. of the Att'y Gen.*, 213 F.3d 638, 638 (5th Cir. 2000) (per curiam); *Quinn v. Roach*, 326 F. App'x 280, 292-93 (5th Cir. 2009). Therefore, insofar as Plaintiff seeks money damages against Jones in his official capacity under 42 U.S.C. § 1983, such claims are barred by the Eleventh Amendment and should be dismissed.

Defendant Jones has also moved to dismiss Plaintiff's claims against him in his individual capacity asserting that they are barred by prosecutorial immunity. "Prosecutors are absolutely immune from liability for initiating prosecutions and other acts 'intimately associated with the judicial phase of the criminal process.'" *Johnson v. Kegans*, 870 F.2d 992, 996 (5th Cir. 1989) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). The decision of when and whether to file criminal charges clearly falls within the scope of the District Attorney's prosecutorial duties. *Quinn v. Roach*, 326 Fed. Appx. 280, 292 (5th Cir. 2009). Thus, the decision to assist, prosecute, or investigate Plaintiff's allegations does not overcome this immunity. The alleged actions taken

by the Defendant were done in his role as an advocate for the state in the course of his position as Assistant District Attorney and therefore the claims against the Defendant in his individual capacity are barred by prosecutorial immunity. As far as Plaintiff's complaint alleges a violation of the Mississippi Constitution, the claims are denied for same reasons stated above.

Defendant Jones has also moved to dismiss Plaintiff's claim of defamation against him, asserting that the claim is time barred. Defamation claims are subject to a one-year statute of limitations set forth in Mississippi Code § 15-1-35. See, e.g., *Smith v. North Bolivar Sch. Dist.*, No. 2:07-CV-51–SA–SAA, 2009 WL 3418549, at *9 (N.D. Miss. Oct. 20, 2009) ("Plaintiff's claims for defamation and slander against those same Defendants is barred by the one-year statute of limitations."). The latest time the Court can place the alleged defamatory remarks is during the year 2020, with the best approximation being March of 2020. The complaint in this case was filed on March 13, 2023, which would be approximately two years beyond the statute of limitations.

Therefore, Plaintiff's claim of defamation is due to be dismissed in this matter. Also, the defamation claim could be dismissed for failure to state a claim even if it was filed timely within the statute of limitations, as the Plaintiff has only made threadbare conclusory allegations as to this claim that do not meet the standard of a plausible claim. Plaintiff has only asserted that Defendant Jones stated that Plaintiff Paixao was "crazy" and that this led to Plaintiff's reputation being lost and the investigations to be closed. Plaintiff does not expand upon this assertion any further, and thus a plausible claim has not been alleged towards this claim of defamation.

### Conclusion

For the reasons stated above, the Court finds that Defendant Timothy Jones' Motion to Dismiss [27] is GRANTED and Plaintiff's claims against this Defendant are DISMISSED.

An order in accordance with this opinion shall issue this day.

This, the 2nd day of January, 2024.

                                                                                             SENIOR U.S. DISTRICT JUDGE