IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BRENDA PAIXAO                                                    **PLAINTIFF**

V.                                                    NO: 4:23CV047-GHD-JMV

CITY OF GREENWOOD; COUNTY OF
LEFLORE; GREENWOOD POLICE
DEPARTMENT; a municipal Law
enforcement agency organized and operated in
the Northern District of Mississippi; OFFICER
DAVID LAYTON, In His Individual and
Official Capacity; OFFICER JODY
BRADLEY, In His Individual and Official
Capacity; LEFLORE COUNTY ASSISTANT
DISTRICT ATTORNEY TIMOTHY JONES,
In His Individual and Official Capacity;
FLOYD MELTON, JR., In His Individual and
Official Capacity; THE ESTATE OF
BRENDA B. FLOWERS, In Her Individual
and Official Capacity; CLAIRE FLOWERS
WILLIAMS, In Her Individual and Official
Capacity; SANDRA KAY HAYES, In Her
Individual and Official Capacity;
TRUSTMARK BANK, A Financial Institute in
the Northern District of Mississippi; and JON
BARNWELL, In His Individual and Official
Capacity                                                **DEFENDANTS**

## MEMORANDUM OPINION

Presently before the Court is Defendant Floyd Melton Jr.'s Motion to Dismiss [31]. The

Plaintiff has not responded in opposition to the present motion. The Court, upon due consideration,

having considered the submissions of the parties and the applicable authority hereby grants

Defendant Floyd Melton Jr.'s Motion to Dismiss [31].

## Factual Background

This case arises out of Plaintiff's allegations that the Defendants were involved, in varying

degrees, with embezzling funds from her trust account. This trust, and the accompanying

1

guardianship, were established in Leflore County Chancery Court in Greenwood, Mississippi. Plaintiff's complaint alleges that her grandparents created a trust account with approximately five-million dollars ($5,000,000) in assets that was managed by Defendant Melton and his law firm. The Plaintiff's mother, Brenda Flowers, acted as the guardian ad litem of the trust fund. Plaintiff asserts that her mother, Brenda Flowers, conspired with Defendants Melton, Claire Williams, Sandra Hayes, Jon Barnwell, and Trustmark Bank to embezzle funds from Plaintiff's trust account using an account at Trustmark and that this embezzlement took place from 2001 until 2006.

Plaintiff's complaint asserts that the Jackson, Mississippi Police Department and the Mississippi Attorney General's Office were contacted at some point in the year 2020 to open a criminal case or investigation regarding the embezzlement, however, no wrongdoing was found. The case was forwarded to the Greenwood, Mississippi, Police Department, but Plaintiff alleges that it was closed soon after being received. Plaintiff then contacted the United States Attorney's Office in Oxford, Mississippi to request that an investigation be opened into the alleged embezzlement but was soon after told that the case was closed.

Plaintiff initiated the present suit on March 13, 2020 asserting claims of civil rights violations, embezzlement, breach of trust, breach of fiduciary duty, and defamation against the ten Defendants previously listed.

### Standard

"When a Rule 12(b)(1) motion is filed in conjunction with a Rule 12(b)(6) motion, ... courts must consider the jurisdictional challenge first." *McCasland v. City of Castroville, Tex.*, 478 F. Appx. 860 (5th Cir. 2012) (per curiam) (citing *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); *Morgan v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)). This "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* at 860-61

2

(quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam)); *Hitt v. City of Pasadena, Tex.*, 561 F. 2d 606, 608 (5th Cir. 1977) (per curiam). Accordingly, the Court first addresses the jurisdictional issues under Rule 12(b)(1).

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996) (quoted favorably in *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). Dismissal for lack of subject matter jurisdiction may be based upon: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. United State*s, 74 F.3d 657, 659 (5th Cir. 1996); *Voluntary Purchasing Grps., Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989). Where the case is filed in the wrong court, and where the defendant is entitled to Eleventh Amendment immunity, the Court lacks subject matter jurisdiction over Plaintiff's claims. *Mahogany v. La. State Sup. Ct.*, 262 F.App'x. 636, 636 (5th Cir. 2008) (per curiam) ("A federal district court lacks subject matter jurisdiction where the named defendants are protected by Eleventh Amendment immunity.")

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). The Court accepts all well-pleaded facts in the complaint as true and views those facts in the light most favorable to the Plaintiff. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

3

face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez– Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955). Since *Iqbal*, however, the Fifth Circuit has clarified that the Supreme Court's "emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n. 44 (5th Cir. 2011).

### Discussion

Defendant Melton first asserts that the Court does not have subject matter jurisdiction to adjudicate the claims against him. The Court will first discuss federal question jurisdiction, as the complaint appears to use this as the basis for jurisdiction in this matter.

As the Court has also discussed in its opinion concerning Defendant Claire Williams, the Plaintiff appears to assert only one cause of action that raises a federal question, which is the first cause of action alleging violations of the Fifth and Fourteenth Amendment. This cause of action is directed towards Defendants Melton, City of Greenwood, Layton, Bradley, and Jones, and each of these Defendants has had all federal claims against them dismissed. The complaint notes that this cause of action is not directed towards Defendant Melton. Supplemental jurisdiction could permit this Court to maintain jurisdiction over the state law claims asserted against Defendant Melton as the other claims against other defendants form a single case or controversy. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). In this matter, the state law claims against Defendant Claire Williams are related to the federal law claims, as all of the claims asserted in the complaint concern the Plaintiff's trust that was allegedly misappropriated or embezzled from by the Defendants. Therefore, the common factual basis for the claims provides the first step to determining the Court's supplemental jurisdiction over the state law claims against Defendant Claire Williams. The Court will assume, without deciding, that it does have the power to exercise supplemental jurisdiction over the present claims. Given this assumption, the Court will now examine whether in fact it should exercise jurisdiction over Defendant Claire Williams and the claims brought against her.

Under § 1367(c), the court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

28 U.S.C. § 1367(c). The Court only finds necessary to address subsection (3), which concerns the pendency of the claims which provide original jurisdiction.

As discussed above and in the opinion concerning Defendant Claire Williams' Motion to Dismiss, all federal claims which provided original jurisdiction in this matter have been dismissed. The fact that all federal claims have been disposed of counsels in favor of the district court declining to retain jurisdiction over any pendent state law claims. Further, Plaintiff has not asserted any federal claims against Defendant Melton, with the only claims being brought under Mississippi law. The issues and allegations asserted against Defendant Melton directly concern the decisions of a state court, specifically a Mississippi Chancery Court, and having these issues decided in a state court would be in the best interest of judicial economy. Therefore, the Court declines to exercise supplemental jurisdiction over the state law clams brought against Defendant Melton.

Further, there appears to be no argument that diversity jurisdiction exists, as diversity jurisdiction requires complete diversity of citizenship; that is, a district court cannot exercise subject-matter jurisdiction if any plaintiff shares the same citizenship as any defendant. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). In this matter, there are multiple parties that share citizenship, thus not permitting diversity jurisdiction.

The Court at this stage of the proceeding has dismissed all federal claims in this matter. The remaining Defendants, the Estate of Brenda B. Flowers, Sandra Kay Hayes, and the County of Leflore, Mississippi, only have pending against them state law claims. Under § 1367(c), the court "may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c). Additionally, the Fifth Circuit requires consideration of "common law factors [of] judicial economy, convenience,

fairness, and comity." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 159 (5th Cir.2011) (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

The judicial economy factor weighs in favor of declining to exercise supplemental jurisdiction, as at the time of the federal claims being dismissed, few resources have been devoted to the consideration of state law claims. *Id.* No party has offered an argument as to the convenience of either court, thus this factor is deemed neutral. The third common law factor also weighs in favor of dismissal without prejudice because "it [is] certainly fair to have ... the purely ... state law claims heard in ... state court...." *Id.* Finally, insofar as federal courts are "not as well equipped for determinations of state law as are state courts," the fourth common law factor of comity is served by dismissal without prejudice. *Id.* at 160; see *Diaz v. Estate of Lampton*, No. 3:09–cv–324, 2013 WL 3213087, at *16 (S.D. Miss. June 26, 2013) (dismissing state law claims "without prejudice so that a state court of competent jurisdiction may resolve them"). Following the Fifth Circuit's general rule, the Court will decline to exercise jurisdiction over the remaining state law claims.

### Conclusion

For the reasons state above, the Court finds that Defendant Floyd Melton Jr.'s Motion to Dismiss [31] is GRANTED and Plaintiff's claims against him are DISMISSED.

An order in accordance with this opinion shall issue this day.

This, the _____ day of January, 2024.

_____
SENIOR U.S. DISTRICT JUDGE