IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BRENDA PAIXAO                                                          PLAINTIFF

V.                                                          NO: 4:23CV047-GHD-JMV

CITY OF GREENWOOD; COUNTY OF
LEFLORE; GREENWOOD POLICE
DEPARTMENT; a municipal Law
enforcement agency organized and operated in
the Northern District of Mississippi; OFFICER
DAVID LAYTON, In His Individual and
Official Capacity; OFFICER JODY
BRADLEY, In His Individual and Official
Capacity; LEFLORE COUNTY ASSISTANT
DISTRICT ATTORNEY TIMOTHY JONES,
In His Individual and Official Capacity;
FLOYD MELTON, JR., In His Individual and
Official Capacity; THE ESTATE OF
BRENDA B. FLOWERS, In Her Individual
and Official Capacity; CLAIRE FLOWERS
WILLIAMS, In Her Individual and Official
Capacity; SANDRA KAY HAYES, In Her
Individual and Official Capacity;
TRUSTMARK BANK, A Financial Institute in
the Northern District of Mississippi; and JON
BARNWELL, In His Individual and Official
Capacity                                                              DEFENDANTS

## MEMORANDUM OPINION

Presently before the Court is Defendant Trustmark National Bank's ("Trustmark"), named

as "Trustmark Bank" in the complaint, Motion to Dismiss [24]. The Plaintiff has not responded

in opposition to the present motion. The Court, upon due consideration, having considered the

submissions of the parties and the applicable authority hereby grants Defendant Trustmark's

Motion to Dismiss [24].

## Factual Background

This case arises out of Plaintiff's allegations that the Defendants were involved, in varying degrees, with embezzling funds from her trust account. This trust, and the accompanying guardianship, were established in Leflore County Chancery Court in Greenwood, Mississippi. Plaintiff's complaint alleges that her grandparents created a trust account with approximately five-million dollars ($5,000,000) in assets that was managed by Defendant Melton and his law firm. The Plaintiff's mother, Brenda Flowers, acted as the guardian ad litem of the trust fund. Plaintiff asserts that her mother, Brenda Flowers, conspired with Defendants Melton, Claire Williams, Sandra Hayes, Jon Barnwell, and Trustmark Bank to embezzle funds from Plaintiff's trust account using an account at Trustmark and that this embezzlement took place from 2001 until 2006.

Plaintiff's complaint asserts that the Jackson, Mississippi Police Department and the Mississippi Attorney General's Office were contacted at some point in the year 2020 to open a criminal case or investigation regarding the embezzlement, however, no wrongdoing was found. The case was forwarded to the Greenwood, Mississippi, Police Department, but Plaintiff alleges that it was closed soon after being received. Plaintiff then contacted the United States Attorney's Office in Oxford, Mississippi to request that an investigation be opened into the alleged embezzlement but was soon after told that the case was closed.

Plaintiff initiated the present suit on March 13, 2020 asserting claims of civil rights violations, embezzlement, breach of trust, breach of fiduciary duty, and defamation against the ten Defendants previously listed.

## Standard

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus.,*

*Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). The Court accepts all well-pleaded facts in the complaint as true and views those facts in the light most favorable to the Plaintiff. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955). Since *Iqbal*, however, the Fifth Circuit has clarified that the Supreme Court's "emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the

3

likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.,* 634 F.3d 787, 803 n. 44 (5th Cir. 2011).

## Discussion

Plaintiff's complaint presents no facts or allegations outlining what Defendant Trustmark has done that would make Trustmark liable for Breach of Trust, Embezzlement, or Breach of Fiduciary Duty. The complaint simply states that a Trustmark account was used to embezzle funds from Plaintiff's trust until the trust was closed in 2007. As far as direct allegations against Trustmark exist in the complaint, the Plaintiff merely states that "[Trustmark] acted both on his own and in concert with the other defendants involved with the Breach of Fiduciary of the Plaintiff's Trust Fund." [4]. Therefore, the Plaintiff has alleged no facts linking Trustmark to any of the claims asserted, and thus Plaintiff's claims against Trustmark should be dismissed.

Specifically, Plaintiff has not alleged that Trustmark was a trustee for the trust in question as required for a breach of trust claim brought under Miss. Code §91-8-1001. Plaintiff's claim of embezzlement is brought under Miss. Code §97-23-19, which is a criminal statute that does not provide for a private right of action. Plaintiff's last claim against Trustmark for breach of fiduciary duty is based on Miss. Code §75-3-307, however, Plaintiff has not alleged the existence of a fiduciary relationship with Trustmark nor any facts related to this claim. Therefore, the Plaintiff has not alleged enough facts to state a claim to relief that is plausible on its face, rather the complaint as to Trustmark contains only threadbare allegations lacking in factual support.

## Conclusion

For the reasons stated above, the Court finds that Defendant Trustmark National Bank's Motion to Dismiss [24] is GRANTED and Plaintiff's claims against this Defendant are DISMISSED.

4

An order in accordance with this opinion shall issue this day.

This, the 2nd day of January, 2024.

SENIOR U.S. DISTRICT JUDGE